I see counsel here on our first case. Good morning. We'll hear Orfor v. Mercy Medical Center. Good morning, Your Honors. The plaintiff appellant comes before you today asking for a reversal of the order of the district court. If you could stand back a bit and speak perfectly naturally, we hear you. They have great acoustics here, sir. Thank you, Your Honor. We're seeking the reversal of the order of the district court because we feel that that order on the cross-motion for sanctions was not right considering the fact that the defendant appellee's motion for sanctions was granted. In the underlying case for discrimination, we had filed several documents before the court, and the plaintiff appellant took out time to redact all these documents. However, there were three redactions that were missed by the plaintiff appellant. And based on those redactions, and based on the clinical mismanagement that the plaintiff enumerated in the complaint, the district court decided to grant sanctions against the plaintiff. It was inadvertent. However, on the other side— That's not on appeal right now. Yes, Your Honor. I was just giving the court the background, Your Honor. But before you today is the motion for sanctions that was brought against the defendant appellee for failing to redact the document that he has submitted, Your Honor, the same infraction that the district court leveled against the plaintiff appellant. So we're saying that what is good for the Guzi, Your Honor, is good for the Ganda. They had failed to redact these documents, and instead they had entered into an agreement with the EUC to keep away the charge file from the plaintiff. They kept the charge file. The plaintiff could not access the charge file based on the self-admitted agreement that the defendant appellees had with the EUC. It's on page 375 of the appendix, where the defendant appellees' counsel agreed, entered into an agreement with the EUC, that the charge file would not be given to the plaintiff except there was an underlying discrimination. My understanding is that the arrangement was it wouldn't be given to anybody other than your client and you as counsel. Yes, Your Honor. Our problem is that they said that there had to be an underlying discrimination lawsuit, and that's not a requirement of FOIA. The only time FOIA requires a charging party to provide evidence of a lawsuit is only when 90 days had expired after the grant of the right to sue. And at the time that this was going on, 90 days had not expired. It was just a week or so after the right to sue had been granted. So that was the wrong standard to have required of the plaintiff. Let's see. Sanctions were imposed against your client for what you say is basically the other side of the coin. Yes, Your Honor. Of the sanctions motion that you made against the other side. But now you're arguing that it was an abuse of discretion not to sanction the other side for doing certain things that represent the mirror image of what your client did. So you may be arguing against yourself. You could end up like the fly that conquered the flypaper, establishing that you and your client ought to be sanctioned. No, Your Honor. What we were saying is that whatever we failed to do, which we admit was inadvertent, and it did not rise up to the level for sanctions, Your Honor. But in the alternative, what the defendant appellees did was willful. We got it. We'll hear you on rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Christopher Gegwich, and I represent the defendant's appellees. And I don't know how more simple to say it than I didn't do it. On the underlying sanctions motion, the appellant accuses myself, my firm, and my clients of entering into a private agreement with the Equal Employment Opportunity Commission to prevent the appellant from obtaining a copy of her charge file. That simply did not happen. In order to obtain sanctions pursuant to 28 U.S.C. 1927, there must be clear evidence of bad faith or an improper motive. In order to obtain sanctions pursuant to the inherent powers of the Court, there must be a specific finding of bad faith. The only evidence or the only proof that the appellant points to in terms of my sanctionable conduct is my reply declaration that I submitted in connection with the underlying motion to seal. That proof, I use that term very loosely, is not clear evidence of any private agreement with the Equal Employment Opportunity Commission. But what does it show?  In connection with the underlying EOC proceeding, my clients were concerned about submitting certain quality of care information to the Equal Employment Opportunity Commission. HIPAA. Well, not necessarily HIPAA, more quality of care, because it's our position, and we did not submit any HIPAA-protected information to the EOC, and there's nothing in the record to suggest that we did. And frankly, the sanctions motion in the underlying action had nothing to do with the submission of HIPAA-protected information. It had everything to do with this, quote, unquote, private agreement to prevent the appellant from getting her charge file. My clients were concerned about submitting certain information to the EOC because they did not want it open to the public. So I called the investigator, John Douglas, on November 4th, 2014. Is this stuff in the usual courts open to the public? That's my understanding, and my understanding at the time was that the information would only be permitted pursuant to a FOIA request to the parties to the charge. And that was what I was trying to do. My client was concerned about that. They didn't want to take my word for it. They wanted me to get confirmation from the EOC. So I spoke with just the EOC investigator. And the EOC investigator told me that they would only release information in response to a FOIA request under two circumstances. One, if the underlying claims of discrimination were in litigation. And two, it would only be released to the parties or their legal representatives. I never entered in an agreement. I didn't ask for any agreement. I would never do such a thing. It would be sanctionable conduct. I would not ever do that. What is represented in my reply declaration is simply what the EOC investigator told me under what circumstances they would release an EOC charge file. I never entered into any private agreement with the EOC. I do not know Kevin Berry, who is the head of the district office of the EOC, of which the appellant claims I had this private agreement. I've never spoken with him. I've never communicated with him. There is simply put, there was never any agreement. There was no evidence to that. That's why the district court found that the appellant's cross-motion for sanctions was wholly unsupported. It was speculative and without any basis in law. Kennedy. The EOC ended up transmitting the charge file to his client and to counsel. The yes. That's my understanding. He did bring a separate lawsuit. And in fact, they initially had responded, yes, we'll send you the file, but we can't find it. And the EOC. I do believe so there is, Your Honor. The reason being is that this was a decision that was rendered prior to the entry of final judgment. I do not believe that the other pending sanctions motion, where we are still waiting on attorney's fees, I think in the Mayer case, which was cited in the order that you directed, that there were co-cross-motions for attorney's fees, so they viewed that as a separate judicial proceeding. This preceded the final judgment. Yes, Your Honor. So I do believe that there is appellate jurisdiction. Your Honors, there, we did, I did not engage in sanctionable conduct. My clients did not engage in sanctionable conduct. There was no private agreement with the EOC. And for all those reasons, as well as those set forth in the brief, the decision Let me ask you another question. Yes, Your Honor. You both referred to this other appeal. Why was this not consolidated? Why was there not a motion? Because that has caused some trouble, including issues relating to the appealability of this sanction. The other appeal, in terms of the – which appeal, Your Honor? The appeal of the sanctions? Well, there are two appeals. Of the EOC proceeding? Of this entire – everything related to this case. There is one appeal, and then there is this sanctions appeal. And I'm wondering why those two were not consolidated. I don't know, Your Honor. Was there ever a request to consolidate? There was never a request. It was never discussed. Your Honor, we have tried to litigate all the cases that we have with the appellant in a most judicious manner, but we've – as you can see from the fact that we couldn't even get a sanctions – I mean, I'm sorry, get a motion – agree on a sealing order in the online court, which led to a sanctions motion. It is very hard to get things done. How many cases are there? There's currently three pending cases brought by appellant against my clients. Three pending appeals arising out of one case? No, three pending cases. There's this appeal. There's a case pending in the Eastern District. There's a case pending in the Southern District. And there's a case pending in the Supreme Court. Supreme Court, what county? New York County. Okay. Thank you. Thank you, Your Honor. Your Honor, just to be clear, we filed an appeal on the underlying case after the dismissal of all the claims of the plaintiff appellant. And this court affirmed in part and reminded in part. Subsequently, after the remind, the defendant appellees filed a second motion to dismiss, and the case has been thrown into the graveyard of cases. But on the current case that we have before you, Your Honor, I want to point out something that is very important. The case file got lost. After the agreement they had, the case file at the EEOC got lost. They couldn't find it. And the plaintiff appellant had to file a discrimination case without the case file. The case file only surfaced three days after the EEOC was served with the FOIA complaint. The case file got lost. There was no need to have entered into an agreement with the EEOC. There was no need. If there were any identifiable material, patient identifiers, the defendant appellee should have just redacted it. I'm saying that, Your Honor, the same rules should be applied to both sides of the coin, Your Honor. If we have done something wrong in the eyes of the court, then the court should also look at the other side and see that they have also done something wrong. In this case, the two motions should have been before you, Your Honor, but the court will not grant the attorney fees to make the other motion ripe. So the other part of the appeal was not ripe because the court will not award the actual monetary sanction. So our point is that we suffered grave harm. We also lost our discrimination claim because we could not prove it. We had to file without a charge file. And these are facts that are before this court. Thank you. Thank you, Your Honor. We will reserve decision.